### No. 327

### EMMONS v. HOPKINS

No. 18992. Supreme Court.

Motion to direct Stark Appeals to certify. Dock. Feb. 28, 1925, 3 Abs. 146.

801. MUNICIPAL LAW—May a city pass an ordinance by which streets other than main thoroughfares, are given right of way, not so designated by statute?

H. H. Emmons brought an action in the Stark Common Pleas for damages growing out of an accident at an intersection of streets in Alliance. Emmons' car was being driven by his wife at the time of the accident on her own business without the knowledge of Emmons. The amended petition set forth that Mrs. Emmons was driving carefully along a main thoroughfare at an intersection of this main street with another street, the car of Mack Hopkins struck the Emmons' machine. Emmons declared that Hopkins intended to turn, but in turning did not keep to the right but drove more to the middle of the street. Hopkins answered setting up that Mrs Emmons at the time of the accident was the agent of her husband and that she operated the machine in violation of a city ordinance.

The ordinance reads as follows: "The operator of a vehicle shall yield the right of way at the intersection of their paths, except at alleys and private driveways, to a vehicle approaching from the right."

Emmons contended that this ordinance was invalid and unconstitutional, in derogation of statutes, 6310-31, 6310-32 GC.

Judgment in the Common Pleas was rendered in favor of Hopkins and error was prosecuted. Emmons contended that the court failed to ap ance as being in contravention of the statutes, it erred in submitting the question of contributory negligence to the jury, for since his wife was not his agent the question could not be considered. The Court of Appeals affirmed the judgment of the lower court and Emmons in bringing the case to the Supreme Court contends:

## OHIO SUPREME COURT—Continued

1. That a city ordinance like the one in question is invalid and non-effective unless signs are erected informing one, operating a vehicle on a main thorough, that he must yield to a machine on an intersecting street as provided by 6310-32 GC.

2. That it is the absolute duty of a trial judge to charge as a matter of law that where there is no evidence to support the claim of a litigant that the wife is the agent of the husband, that such claim has not been proven and cannot be considered by the jury.

3. That the trial judge should interpret the ordinance in question and pronounce it legal or illegal whereby the pleadings such question is raised.

Attorneys—H. H. Emmons for Emmons, Canton; Sydney Geiger, for Hopkins, Alliance.